JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CIV 7085

| | |
|---|---|
| **JOVANI FASHION, LTD.,** | Civ. No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **CINDERELLA DIVINE, INC., UNIQUE VINTAGE, INC., DISCOUNTDRESSUP.COM, JM DREAMLINE, INC., THE ROSE DRESS, INC., ASPEED DESIGN CORPORATION, FIESTA FASHIONS, CINDY COLLECTION, COLORS FASHION, INC., RORY BALLARD, and JOHN DOE 1-100** | **JURY DEMAND** |
| Defendants. | |

RECEIVED
SEP 15 2010
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Jovani Fashion, Ltd., by and through its attorneys, alleges as follows:

## PARTIES

1.  Plaintiff Jovani Fashion, Ltd. (hereinafter "Jovani" or "Plaintiff") is a business

    corporation incorporated under the laws of the State of New York, with a

    place of business at 1370 Broadway, 4th Floor, New York, NY 10018.

2.  Upon information and belief, Defendant Cinderella Divine, Inc. (hereinafter

    "Cinderella") is a California corporation with an address at 1142 San Julian

    St. #B, Los Angeles, CA 90015.

1

3.   Upon information and belief, Cinderella has an address at 959 S. Santee St., Los Angeles, CA 90015.

4.   Upon information and belief, Defendant Unique Vintage, Inc. (hereinafter "Unique Vintage") is a California corporation with an address at 1020 E. Grinnell Drive, Burbank, CA 91501.

5.   Upon information and belief, Unique Vintage has an address at 2013 W. Magnolia Blvd., Burbank, CA 91506.

6.   Upon information and belief, Defendant Discountdressup.com (hereinafter, "Discountdressup," is an unknown entity with an address at P.O. Box 862252 Los Angeles, CA 90086, and an address at 8440 Cerritos Avenue, Stanton CA 90680, and an address at 2626 W. Ball Rd., Anaheim, CA 92804.

7.   Upon information and belief, an individual named Dick Hong is the owner of Discountdressup, and an individual named Rolean Lee is the Chief Executive Officer of Discountdressup.

8.   Upon information and belief, Defendant JM Dreamline, Inc. (hereinafter, "JM Dreamline") is a California corporation with an address at 1200 Santee St. #505, Los Angeles, CA 90015.

2

9.  Upon information and belief, Defendant The Rose Dress, Inc. (hereinafter, "Rose Dress") is a California corporation with an address at 741 Charcot Ave., San Jose, CA 95131.

10. Upon information and belief, Rose Dress has an address at 2300 Zanker Road Suite F, San Jose, CA. 95131.

11. Upon information and belief, Defendant Aspeed Design Corporation (hereinafter, "Aspeed") is a California corporation with an address at 1138 S. Maple Avenue, Los Angeles, CA 90015.

12. Upon information and belief, Defendant Fiesta Fashions (hereinafter, "Fiesta Fashions") is an unknown entity with an address at 1100 Wall Street, #106 Los Angeles, CA 90015.

13. Upon information and belief, Defendant Cindy Collection USA, Inc. (hereinafter, "Cindy Collection") is a California corporation with an address at 1100 Wall Street #102, Los Angeles, CA 90015 and an address at 1111 San Julian St, Los Angeles, CA 90015.

14. Upon information and belief, Defendant Colors Fashion, Inc. (hereinafter, "Colors Fashion") is a New York corporation with an address at 128 West 34th Street, New York, NY 10001.

15.   Upon information and belief, Defendant Rory Ballard (hereinafter, "Ballard") is an individual with an address at P.O. Box No. 12062, San Bernardino, Ca 92423.

16.   Defendant Julie's Collection (hereinafter, "Julie's Collection") is an unknown entity with an address at 1217 Santee St., Los Angeles, CA 90015. Upon information and belief, Julie's Collection is engaged in the business of wholesale and retail sale of apparel.

17.   Defendants John Doe 1 - 100 ("John Does") are unknown entities that sell Infringing Dresses, as defined below, in the United States. John Does are generally manufacturers, wholesalers, and/or retailers.

## JURISDICTION AND VENUE

18.   This action arises under the copyright and trademark laws of the United States, under Titles 15 and 17 of the U.S. Code, and under New York common law.

19.   This is a civil action seeking damages and injunctive relief to redress copyright infringement, trade dress infringement, and unfair competition.

4

20. The remedies for copyright infringement arise under the copyright laws of the United States, particularly under 17 U.S.C. §§ 101, et. seq.

21. The remedies for trade dress infringement and unfair competition arise under New York common law, and under the Lanham Act, particularly under 15 U.S.C. §§ 1116-1118 and 1125(a).

22. This Court has subject matter jurisdiction over all of the claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

23. Upon information and belief, Cinderella, Unique Vintage, Discountdressup, JM Dreamline, Rose Dress, Aspeed, Colors Fashion, Fiesta Fashions, Cindy Collection, Ballard, Julie's Collection, and John Does (hereinafter individually or collectively referred to as "Defendants") regularly transact business in the State of New York and in this judicial district.

24. The Defendants are subject to the personal jurisdiction of this Court pursuant to CPLR 301 and 302 and Rule 4 of the Federal Rules of Civil Procedure.

25. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

### JOVANI'S BACKGROUND

26. Jovani was founded in 1980 and is a distinguished and well known designer and manufacturer of women's dresses, particularly evening dresses, pageant gowns, prom dresses, and cocktail dresses. Jovani is an internationally known brand with a widely recognized line of dresses. A summary of Jovani's background is annexed hereto as Exhibit A.

27. Jovani sells its distinctive dresses through over 3,000 retail stores throughout the world, including, particularly, in the United States.

28. Jovani has been in business selling dresses at least in the United States, Austria, Belgium, Bulgaria, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland, Portugal, Romania, Slovakia, Slovenia, Spain, Sweden, the United Kingdom, Lebanon, Kuwai, Saudi Arabia, Japan, Brazil, United Arab Emirates, Russia, China, Australia, Canada, Switzerland, Turkey, Belarus, Ukraine, Israel, Mexico, Azerbaijan, Serbia, Albania, Panama, and Jordan.

29. Jovani has maintained an extensive website at www.jovani.com featuring Jovani's dresses and foreign distributors, since at least as early as 1998.

30.  Over the past decade, Jovani has grown into a top name brand with an exceptional reputation in the marketplace. Jovani has won a number of prestigious awards, including the National Prom Association's Retailers Choice Awards for Best Manufacturer Quality in 2005, Best Prom Fashion Design, and Outstanding Internet Site in 2006.

31.  Jovani is one of the biggest names in the prom dress industry. For example, Jovani's website at www.jovani.com is currently ranked in the first or second position on the first page of the search engine results from Google® for the search term, "prom dresses." See Exhibit B.

32.  Jovani's dresses have achieved wide acclaim in the pageant industry and many pageant winners have worn Jovani dresses.

33.  For example, Katie Stam, the 2009 winner of the Miss America Pageant, is often seen wearing Jovani dresses. Also wearing Jovani dresses were Kristen Dalton (winner of Miss USA 2009), Caressa Cameron (winner of Miss America 2010), Crystal Stewart (winner of Miss USA 2008), Dayana Mendzoa (winner of Miss Universe 2008), and others. Some images of Ms. Stam, Ms. Dalton, Ms. Cameron, Ms. Stewart, and Ms. Mendoza wearing Jovani dresses are annexed hereto as Exhibit C.

34.   For years, Jovani has expended a great amount of resources in continuously advertising, promoting, and marketing its dresses in the United States and throughout the world, particularly through trade shows, retail stores, Miss Universe pageants, catalogs, websites, and through retailers and distributors.

35.   For example, already this year, millions of catalogs featuring Jovani's designs have been mailed.

36.   Already this year, more than 500,000 catalogs featuring Jovani's designs have been mailed to targeted prom and pageant consumers in the United States, through the International Prom Association ("IPA").

37.   In 2009, more than 500,000 catalogs featuring Jovani's designs were mailed to targeted prom and pageant consumers in the United States through the IPA.

38.   In 2009, more than 500,000 catalogs featuring Jovani's designs were mailed to targeted prom and pageant consumers in the United States through the Top Ten Prom advertisement group.

39.   In 2009, more than 500,000 catalogs featuring Jovani's designs were mailed to targeted prom and pageant consumers in the United States through the Magic Book advertisement group.

40.  In 2009, more than 500,000 catalogs featuring Jovani's designs were mailed to targeted prom and pageant consumers in the United States through the Cool Book advertisement group.

41.  In 2009, more than 500,000 catalogs featuring Jovani's designs were mailed to targeted prom and pageant consumers in the United States through the Hot Shots advertisement group.

42.  Jovani's dresses are also regularly worn on live broadcasts and popular reality television programs broadcast in the United States. For example, participants and artists featured on American Idol frequently appear wearing Jovani dresses. American Idol has averaged between 29 million to 38 million viewers per episode for its past six seasons.

43.  Jovani owns and maintains a company identity on Facebook that is publicly accessible under the title, "Jovani Fashions." Jovani's Facebook identity presently has over seventeen thousand (17,000) fans who selected that they "Like" Jovani Fashions.

44.  In addition to the exposure and attention received by Jovani due to its advertising and promotion, Jovani's dresses are also seen on the covers and inside of a variety of popular magazines such as Us Weekly, Seventeen,

People, Redbook, Good Housekeeping, Teen Vogue, Modern Bride, Bridal Guide, Oprah's "O" Magazine, and In Touch Weekly. Some examples of Jovani dresses featured in such magazines are annexed hereto as Exhibit D.

45. Jovani dresses are worn by celebrities, such as Carrie Underwood, Hillary Duff, Taylor Swift, Kim Kardashian, Miranda Lambert, Brooke Shields, Miley Cyrus, Ashley Green, Selena Gomez, Chrishell Stause, Selena Gomez, Sofia Vergara, Shenae Grimes, Fern Britton, Jillian Reynolds, Kim Alexis, Gabourey Sidibe, and others. See Exhibits D and E annexed hereto for some examples of Jovani dresses being worn by celebrities.

46. Jovani's dresses have acquired distinctiveness among consumers.

47. Jovani employs a number of full time fashion designers to develop over two thousand new and original designs for Jovani each year.

48. Jovani has registered copyrights for several of its catalogs of dresses.

49. Prior to the filing of this Complaint, Jovani filed a copyright registration for its catalog of dresses entitled, Jovani Catalog # 1023. In response, the U.S. Copyright Office awarded Jovani with U.S. Copyright Registration No. VA 1-714-131 (the "'131 Registration"). A copy of the '131 Registration is annexed hereto as Exhibit F.

50.    Prior to the filing of this Complaint, Jovani filed a copyright registration for
       its catalog of dresses entitled, Jovani Catalog # 1024. In response, the U.S.
       Copyright Office awarded Jovani with U.S. Copyright Registration No. VA 1-
       714-128 (the "'128 Registration"). A copy of the '128 Registration is annexed
       hereto as Exhibit G.

51.    With respect to the '131 Registration and the '128 Registration (collectively,
       "Jovani's Registrations"), Jovani submitted the required fees to the U.S.
       Copyright Office.

52.    Prior to the filing of this Complaint, Jovani filed a copyright application for
       each of the following of Jovani's catalogs and styles of dresses:

       a. Jovani 2009 Evening Catalog (see Exhibit H.1 for copyright
          application)

       b. Jovani 2009 Homecoming Catalog (see Exhibit H.2 for copyright
          application)

       c. Jovani Catalog #1020 (see Exhibit H.3 for copyright application)

       d. Jovani Catalog #1021 (see Exhibit H.4 for copyright application)

       e. Jovani Catalog #1025 (see Exhibit H.5 for copyright application)

       f. Jovani Catalog #1026 (see Exhibit H.6 for copyright application)

       g. Jovani Catalog #1027 (see Exhibit H.7 for copyright application)

       h. Jovani Catalog #1028 (see Exhibit H.8 for copyright application)

11

    i.   "Jovani Collection" 2009 Catalog (see Exhibit H.9 for copyright application)

    j.   Short & Chic (see Exhibit H.10 for copyright application)

    k.   JVN Collection (see Exhibit H.11 for copyright application)

    l.   Jovani Style # 154416 (see Exhibit H.12 for copyright application)

    m.   Jovani Style # 158024 (see Exhibit H.13 for copyright application)

Copies of the copyright applications for each of Exhibits H.1 through H.13 listed above (collectively, the "Jovani's Copyright Applications") are annexed hereto in Exhibit H.

53.    Jovani's catalogs and styles claimed for copyright protection in Jovani's Registrations or in Jovani's Copyright Applications may hereinafter be individually or collectively referred to as Jovani's Catalogs. Each of Jovani's Catalogs contains a number of designs that are each otherwise recognizable as self-contained works, but were published together as each of the catalogs that make up Jovani's Catalogs.

## DEFENDANTS' INFRINGEMENT

54.    Jovani has recently discovered the existence of unauthorized dresses that are substantially similar to certain of Jovani's designs that appear in one or more of Jovani's Catalogs. Such unauthorized dresses may hereinafter be individually or collectively referred to as "Infringing Dresses."

55.    Based on the level of similarity between the Infringing Dresses and Jovani's original designs, it is evident that the Infringing Dresses incorporate designs that were copied from Jovani's original designs appearing in Jovani's Catalogs.

56.    The Infringing Dresses have a look and feel that are so confusingly similar to Jovani's distinctive dresses that they are likely to confuse customers as to the origin, affiliation, and/or sponsorship of the Infringing Dresses.

### Cinderella Divine, Inc.

57.    Upon information and belief, Cinderella is a manufacturer and seller of women's apparel, including evening dresses and prom dresses.

58.    Upon information and belief, Cinderella has been manufacturing, causing to be manufactured, advertising, promoting, importing into the United States, selling, and distributing Infringing Dresses. Cinderella's Infringing Dresses include at least the dresses under the following style numbers: 1199, 1229, 1238, 1244, 1250, 1257, 2101, 2103, 2107, 2120, 2124, 2126, 2128, 2129, 2131, 2133, 2140, 2141, 2147, 3056, 3070, 3075, 3077, 3081, 4006, 4007, 4008, 4017, 5213, 9287, 9490, and 9559.

59.    A side-by-side comparison of Infringing Dresses from Cinderella's catalogs, with Jovani's designs in Jovani's Catalogs is annexed hereto as Exhibit I.

13

60.   Upon information and belief, Cinderella manufactures Infringing Dresses in China.

61.   Upon information and belief, Cinderella causes a third party to manufacture the Infringing Dresses in China.

62.   In addition to wholesale sales, Cinderella also owns and operates a retail store which sells dresses directly to the public.

63.   Cinderella's retail store also sells Infringing Dresses.

### Unique Vintage

64.   Unique Vintage is a retailer of women's dresses.

65.   Unique Vintage operates a website at www.unique-vintage.com (the "UV Website"). Unique Vintage sells dresses through the UV website.

66.   Upon information and belief, Unique Vintage sells dresses through the UV website throughout the United States.

67.   Jovani has been a supplier of dresses to Unique Vintage for a number of years.

68. Unique Vintage is thus familiar with one or more of Jovani's Catalogs.

69. Unique Vintage is familiar with the distinct look and feel of Jovani's dresses, as such are generally presented to customers.

70. Unique Vintage has a "Jovani Prom Dresses" category on the UV Website.

71. At present, Unique Vintage sells dresses from previous years on the "Jovani Prom Dresses" section of the UV Website.

72. Upon information and belief, Unique Vintage purchases certain dresses from Cinderella.

73. Unique Vintage has added a category of dresses on the UV website labeled, "Cheap Prom Dresses."

74. Upon information and belief, Unique Vintage sells dresses purchased from Cinderella through the UV Website.

75. Upon information and belief, Unique sells some dresses purchased from Cinderella in the "Cheap Prom Dresses" category of the UV Website.

76.   Unique Vintage sells Infringing Dresses through the UV Website. Some images of Infringing Dresses being offered for sale on the UV Website are annexed hereto as Exhibit J.

77.   While offering Infringing Dresses for sale through the UV Website, Unique Vintage also sells dresses from Jovani through the UV Website.

78.   Upon information and belief, Unique Vintage purchases Infringing Dresses from Cinderella.

79.   A side by side comparison of Infringing Dresses being sold by Unique Vintage through the UV Website, with designs in Jovani's Catalogs is annexed hereto as Exhibit K.

### Discountdressup

80.   Discountdressup is a retailer of women's dresses.

81.   Discountdressup operates a website at ww.w.discountdressup.com (hereinafter, the "Discountdressup Website"). Discountdressup sells women's dresses through the Discountdressup Website.

82.   Discountdressup sells Infringing Dresses through the Discountdressup Website in interstate commerce. Some images of Infringing Dresses being

offered for sale on the Discountdressup Website are annexed hereto as Exhibit L.

83. A side by side comparison of Infringing Dresses being sold on the Discountdressup Website, with Jovani's designs in Jovani's Catalogs is annexed hereto as Exhibit M.

## JM Dreamline, Inc.

84. JM Dreamline is a retailer of women's dresses.

85. JM Dreamline operates a website at promdressline.com (hereinafter, the "Promdressline Website"). JM Dreamline sells women's dresses through the Promdressline Website.

86. JM Dreamline sells Infringing Dresses through the Promdressline Website in interstate commerce. Some images of Infringing Dresses being offered for sale by JM Dreamline on the Promdressline Website are annexed hereto as Exhibit N.

87. A side by side comparison of Infringing Dresses being sold by JM Dreamline on the Promdressline Website, with Jovani's designs in Jovani's Catalogs is annexed hereto as Exhibit O.

17

### Rose Dress, Inc.

88. Rose Dress is a retailer of women's dresses.

89. Rose Dress owns and operates a website at www.therosedress.com (hereinafter, the "Rosedress Website"). Rose Dress sells women's dresses through the Rosedress Website.

90. Rose Dress has, in the past, purchased a number of dresses manufactured by Jovani.

91. Rose Dress sells dresses from Jovani through the Rosedress Website.

92. Thus, Rose Dress is familiar with one or more of Jovani's Catalogs.

93. Upon information and belief, Rose Dress is familiar with the distinct look and feel of Jovani's dresses, as such are generally presented to customers.

94. Rose Dress sells Infringing Dresses through the Rosedress Website in interstate commerce. Some images of Infringing Dresses being offered for sale by Rose Dress on the Rosedress Website are annexed hereto as Exhibit P.

95.   A side by side comparison of Infringing Dresses being sold on the Rosedress Website, with Jovani's designs in Jovani's Catalogs is annexed hereto as Exhibit Q.

## Aspeed Design Corporation

96.   Upon information and belief, Aspeed is a manufacturer and supplier of women's dresses.

97.   Upon information and belief, Aspeed has manufactured, imported, advertised, publicly displayed, offered for sale, and sold Infringing Dresses in the United States. A side by side comparison of a style of Infringing Dresses being sold by Aspeed, with a design of Jovani's from Jovani's Catalogs is annexed hereto as Exhibit R.

## Fiesta Fashions

98.   Upon information and belief, Fiesta is a manufacturer and supplier of women's dresses.

99.   Upon information and belief, Fiesta has manufactured, imported, advertised, publicly displayed, offered for sale, and sold Infringing Dresses in the United States. A side by side comparison of a style of Infringing Dresses being sold by Fiesta, with a design of Jovani's is annexed hereto as Exhibit S.

## Cindy Collection

100. Upon information and belief, Cindy Collection is a manufacturer and supplier of women's dresses.

101. Upon information and belief, Cindy Collection has manufactured, imported, advertised, publicly displayed, offered for sale, and sold Infringing Dresses in the United States. A side by side comparison of a style of Infringing Dresses being sold by Cindy Collection, with a design of Jovani's is annexed hereto as Exhibit T.

## Colors Fashion, Inc.

102. Colors Fashion operates a retail store under the name, "Cliquer's." Color's Fashion sells women's dresses at its Cliquer's store.

103. Upon information and belief, Colors Fashion has purchased women's dresses from Aspeed, Fiesta, and Cindy Collection and has sold such dresses in Colors Fashion's Cliquer's store.

104. Upon information and belief, Colors Fashion has purchased Infringing Dresses from Aspeed, Fiesta, and Cindy Collection. Examples of Infringing Dresses that Colors Fashion purchased from Aspeed, Fiesta, and Cindy Collection are shown in Exhibits R, S, and T.

105. Colors Fashion has publicly displayed and sold Infringing Dresses in Colors Fashion's Cliquer's store.

### Promdresses2010

106. Upon information and belief, Ballard owns and operates an online retail store at www.promdresses2010.com (hereinafter, the "Promdresses2010 Website"), selling women's dresses.

107. Upon information and belief, Ballard also owns and operates an online retail store at www.dressesandaccessories.net, selling women's dresses.

108. Ballard sells Infringing Dresses through the Promdresses2010 Website in interstate commerce. Some images of Infringing Dresses being offered for sale by Ballard on the Promdresses2010 Website are annexed hereto as Exhibit U.

109. A side by side comparison of Infringing Dresses being sold on the Promdresses2010 Website, with Jovani's designs in Jovani's Catalogs is annexed hereto as Exhibit V.

### Julie's Collection

110. Julie's Collection sells women's dresses at its retail store, and as a wholesaler.

111. Upon information and belief, Julie's Collection has purchased women's dresses from Aspeed and Cinderella and has sold such dresses in its retail store and in wholesale.

112. Upon information and belief, Julie's Collection has purchased Infringing Dresses from Aspeed and Cinderella. Examples of some Infringing Dresses that Julie's Collection purchased from Aspeed and Cinderella are shown in Exhibits W, in a side-by-side comparison with Jovani's styles from Jovani's Catalogs.

113. Julie's Collection has publicly displayed and sold Infringing Dresses in its retail store.

114. Upon information and belief, Julie's Collection has sold Infringing Dresses in wholesale.

#### In Summary

115. All of the Defendants sell Infringing Dresses in the United States.

116. Upon information and belief, all of the Defendants sell Infringing Dresses in competition with Jovani.

22

117. Upon information and belief, Unique Vintage, JM Dreamline, Discountdressup, Rose Dress, Ballard, and Julie's Collection purchase Infringing Dresses from Cinderella.

118. Jovani has been harmed and continues to be harmed by the Defendants' above-described actions.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT, UNDER U.S. COPYRIGHT ACT

119. Plaintiff Jovani Fashion, Ltd. incorporates by reference each allegation of paragraphs 1-118 above, inclusive, as if fully set forth herein.

120. Jovani is the exclusive owner of all right, title, and interest in Jovani's Registrations and Jovani's Copyright Applications, which claim original, protectable, copyrightable works of authorship in Jovani's Catalogs. Jovani is the owner of all right, title, and interest, including all copyrights and trademark rights, in Jovani's Catalogs and all individual designs therein.

121. Jovani has never authorized, licensed, or otherwise permitted any of the Defendants to manufacture, copy, distribute, import, publicly display, advertise, or sell Infringing Dresses.

23

122. By virtue of the fame and widespread promotion Jovani and Jovani's collection of dresses, the Defendants had access to Jovani's Catalogs and the designs contained within them. By virtue of having done business with Jovani, specifically as purchasers and sellers of dresses from Jovani, Unique Vintage, and Rose Dress had access to Jovani's Catalogs.

123. The Defendants had access to the designs in Jovani's Catalogs through Jovani's fashion shows, Jovani's trade shows, Jovani's website at www.jovani.com, and/or direct access to Jovani's Catalogs.

124. The Defendants have manufactured, caused to be manufactured, imported, publicly displayed, advertised, offered to sell, sold, and/or distributed articles and/or photographs bearing designs that are copies or derivatives of Jovani's original works embodied in Jovani's Catalogs. Thus, Defendants have infringed Plaintiff's copyrights.

125. Upon information and belief, Defendants' infringing activity described above is ongoing.

126. Upon information and belief, Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringing use of Jovani's original, protectable design elements.

127. Upon information and belief, Defendants' infringement of Jovani's copyrights is and has been knowing, willful and intentional.

128. Jovani has been harmed and continues to be harmed irreparably by Defendants' infringement of Jovani's copyrights, including but not limited to lost sales and a disruption of Jovani's marketshare.

129. Defendants will likely continue their infringing activity and continue harming Jovani irreparably unless enjoined and restrained. Thus, Plaintiff has no adequate remedy at law.

130. The extent of Defendants' copyright infringement is presently unknown, as Plaintiff has not yet had opportunity to review and analyze Defendants' full dress lines. Neither the list of item numbers above, nor any exhibits annexed hereto, purports to be a full and complete list of Defendants' infringing products.

## SECOND CAUSE OF ACTION

## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C.

### SEC. 1125(a)

131. Plaintiff Jovani Fashion, Ltd. incorporates by reference each allegation of paragraphs 1-130 above, inclusive, as if fully set forth herein.

132. Jovani is the exclusive owner of certain distinctive, non-functional trade dress elements ("Jovani's Trade Dress") in each of the dresses depicted in Jovani's Catalogs. Jovani's Trade Dress includes the trade dress elements featured in the images from Jovani's Catalogs in the right hand column of Exhibits I, K, M, O, and Q, R, S, T, V, and W.

133. As noted above, Jovani has undergone significant expense and effort to advertise and promote Jovani's dresses and Trade Dress to make them known and recognized in the marketplace. Jovani's Trade Dress has continuously appeared in substantial advertising and promotional activities in various media.

134. Jovani's customers identify the distinctive look and feel in Jovani's Trade Dress with Jovani specifically.

135. As a result of the high quality of Jovani's dresses and Jovani's operation of its business, the widespread public recognition of the look and feel of Jovani's Trade Dress gained in the United States through Jovani's advertising and promotion, Jovani's Trade Dress is either inheretly distinctive or else has acquired a strong distinctiveness among consumers in Jovani's relevant market, particularly in the prom dress, evening dress, and pageant industries. Jovani's Trade Dress, well-known in its market, symbolizes the goodwill and

reputation that Jovani has established over the years in connection with the Jovani style.

136. Upon information and belief, Defendants gather information on Jovani's top selling dresses and manufactures Infringing Dresses that are confusingly similar to Jovani's dresses, without having to undergo Jovani's expenses of design and market testing.

137. The Infringing Dresses sold and offered for sale by the Defendants bear the same distinctive look and feel as Jovani's dresses featured in Jovani's Catalogs. See Exhibits I through W.

138. Jovani's potential customers are likely to be diverted to the Defendants' Infringing Dresses because they are replicas of Jovani's dresses and Jovani's Trade Dress. As the Infringing Dresses use Jovani's Trade Dress, they lead consumers to believe that the Infringing Dresses are supplied by Jovani and are tied to Jovani's reputation.

139. Jovani's potential customers are also likely to be confused as to the affiliation and/or sponsorship of Defendants' Infringing Dresses. It is likely that consumers will believe that Infringing Dresses are in fact affiliated with, sponsored by, or licensed from Jovani, because they bear Jovani's Trade Dress.

140.  Upon information and belief, Defendants purposefully sell Jovani look-alike dresses so that Jovani's customers will be enticed by the prospect of buying Jovani dresses at lower prices.

141.  Based on their above actions, Defendants have unfairly competed with Jovani by adopting and using in commerce Jovani's Trade Dress in competition with Jovani. Defendants are liable to Jovani under 15 U.S.C. Sec. 1125(a).

142.  Defendants' infringement of Jovani's Trade Dress was knowing, willful, intentional, in bad faith, and in conscious disregard of Jovani's rights.

143.  Jovani has been harmed and continues to be harmed irreparably by Defendants' infringement of Jovani's trade dress. Jovani has no adequate remedy at law.

144.  The extent of Defendants' trade dress infringement is presently unknown, as Plaintiff has not yet had opportunity to review and analyze Defendants' full dress lines. Neither the list of item numbers above, nor any exhibits annexed hereto, purports to be a full and complete list of Defendants' infringing products.

## THIRD CAUSE OF ACTION

# UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

145. Plaintiff Jovani Fashion, Ltd. incorporates by reference each allegation of paragraphs 1-144 above, inclusive, as if fully set forth herein.

146. Based on the above facts, Defendants are also liable for unfair competition under New York common law.

147. Jovani has been harmed and continues to be harmed irreparably by Defendants' infringement of Jovani's trade dress. Jovani has no adequate remedy at law.

148. The extent of Defendants' trade dress infringement is presently unknown, as Plaintiff has not yet had opportunity to review and analyze Defendants' full dress lines. Neither the list of item numbers above, nor any exhibits annexed hereto, purports to be a full and complete list of Defendants' infringing products.

WHEREFORE, Jovani prays for judgment as follows:

A.     That this Court enter a Judgment that each Defendant in the above-captioned action has infringed Plaintiff's copyrights;

B.     That this Court Order a permanent injunction under 17 U.S.C. Sec. 502 restraining the Defendants (and their principals, officers, employees, successors, and assigns) from making, manufacturing, copyright, distributing, selling, advertising, publicly displaying any of the works displayed in Exhibit I, K, M, O, Q, R, S, T, V, or W to this Complaint.

C.     That this Court Order a permanent injunction under 17 U.S.C. Sec. 502 restraining the Defendants (and their principals, officers, employees, successors, and assigns) from making, manufacturing, copyright. distributing, selling, advertising, publicly displaying any works that are substantially similar to any of Plaintiff's protectable designs in Jovani's Catalogs without Jovani's express authorization.

D.     That this Court Order that all infringing materials in the possession, custody, or control of Defendants be impounded and destroyed.

E.     That this Court Order that Defendants pay to Plaintiff damages in the form of Defendants' profits resulting from their infringing activity, purusant to 17 U.S.C. Sec. 504.

F.     That, under 15 U.S.C. Sec. 1117(a), this Court Order that Defendants pay to Plaintiff:

> i. Defendants' profits attributable to Defendants' trade dress infringement;
>
> ii. Damages sustained by Plaintiff has a result of Defendants' trade dress infringement;
>
> iii. Plaintiff's costs in this action; and

30

iv.  Plaintiff's attorneys' fees relevant to this action, as this is an

exceptional case.

G.     That, under 17 U.S.C. Sec. 505, this Court Order Defendants to pay

Jovani its costs in this action, including an award of its reasonable attorney fees.

H.     And that this Court award such other and further relief as this Court

deems just and proper.

Dated: New York, NY                **PLAINTIFF JOVANI FASHION, LTD.**
       September 15, 2010

                                   By:
                                       Robert M. Haroun, Esq.  ( RH-5646 )
                                       Joseph Sofer, Esq.  ( JS-3265 )
                                       Sofer & Haroun, LLP
                                       *Attorneys for Plaintiff*
                                       317 Madison Avenue, Suite 910
                                       New York, NY 10017
                                       Tel: 212-697-2800
                                       Fax: 212-697-3004
                                       E-mail: rharoun2000@yahoo.com
                                       E-mail: joesofer@soferharoun.com