**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**JOVANI FASHION, LTD.,**

              **Plaintiff,**

      **- against -**             **10 Civ. 7085 (JGK)**

**CINDERELLA DIVINE, INC., ET AL.,**     <u>**OPINION AND ORDER**</u>

             **Defendants.**

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Jovani Fashion, Ltd. (the "plaintiff" or "Jovani"), a manufacturer of prom dresses, sued several competitors, including Fiesta Fashions ("Fiesta"), principally under the Copyright Act, 17 U.S.C. § 101 <u>et seq.</u>, for allegedly infringing a copyrighted dress design or copyrighted elements of that design. In July, this Court granted Fiesta's motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. <u>See</u> <u>Jovani Fashion, Ltd. v. Cinderella Divine, Inc.</u>, No. 10 Civ. 7085, 2011 WL 2671584, at *8 (S.D.N.Y. July 7, 2011). Fiesta now moves for costs and attorney's fees.

**I.**

    The following facts are undisputed, unless otherwise indicated.

    Jovani is a designer and manufacturer of women's dresses, particularly evening dresses, pageant gowns, prom dresses, and

1

cocktail dresses.  <u>Jovani</u>, 2011 WL 2671584, at *2.  Between May and August 2010, Jovani filed copyright registration applications on and received copyright registrations for ten catalogs that Jovani claims show artwork incorporated in dresses.  <u>Id.</u>  On September 15, 2010, Jovani filed a lawsuit in this Court against eleven competing dressmakers or retailers, among others, alleging that dresses which these defendants made or sold incorporated artwork that is substantially similar to and was copied from Jovani's designs.  <u>Id.</u>

In its initial complaint, Jovani alleged three causes of action against the defendants: (1) copyright infringement claims under the Copyright Act, 17 U.S.C. § 101 <u>et seq.</u>; (2) trademark claims and claims for other violations of the Lanham Act, 15 U.S.C § 1051 <u>et seq.</u>; and (3) unfair competition claims under New York state common law.  (Compl. ¶ 119-148, Jovani Fashion, Ltd. v. Cinderella Divine, Inc., No. 10 Civ. 7085, Docket No. 1) With regard to Fiesta specifically, the Complaint alleged only that, "[u]pon information and belief, Fiesta has manufactured, imported, advertised, publicly displayed, offered for sale and sold Infringing Dresses in the United States."  (Compl. ¶ 99 & Ex. S.)

Fiesta moved to dismiss Jovani's claims in December 2010.  On January 13, the Court heard oral argument.  At that argument,

2

the Court granted the plaintiff permission to amend its complaint, and denied the first motion to dimiss as moot.  The Court noted that if a future motion to dismiss was successful it would be granted with prejudice.  (Order dated Jan. 14, 2011, Jovani Fashion, Ltd. v. Cinderella Divine, Inc., No. 10 Civ. 7085, Docket No. 61.)

In its First Amended Complaint, Jovani asserted only claims under the Copyright Act, and no longer asserted claims under the Lanham Act or New York state common law.  Jovani asserted 26 counts of copyright infringement, alleging that the various defendants had infringed 25 of its designs. (Am. Compl. ¶ 99-370, Jovani Fashion, Ltd. v. Cinderella Divine, Inc., No. 10 Civ. 7085, Docket No. 64.)  With regard to Fiesta, the amended complaint alleged that Fiesta "ha[d] manufactured, imported, advertised, publicly displayed, offered for sale, and sold Infringing Dresses in the United States, including Fiesta Fashions' style no. FI50021." (Am. Compl. ¶ 82; see also Am. Compl. ¶¶ 80-81 & Ex. M.)  "Count 21" of Jovani's amended complaint applied specifically to Fiesta's alleged infringement on "Jovani style 154416."  (Am. Compl. ¶¶ 318-326.)  Jovani had registered a copyright for that dress style with the United States Copyright Office in September 2009.  (Am. Compl. ¶¶ 319-

321 & Ex. C at 10; Sofer Decl. Ex. B.)  In the amended complaint, Jovani alleged that the style encompassed

> original artwork [that] includes the ornamental design and arrangement on the face of the fabric of the depicted dress, including but not limited to the selection and arrangement of sequins and beads and their respective patterns on the bust portion, as well as the wire-edged tulles added to the lower portion of the depicted dress. Such original artwork is physically and conceptually separable from the functional aspects of the dress that is depicted, primarily because such artwork is purely aesthetic and serves no functional purpose in the depicted dress.

(Am. Compl. ¶ 320)  Count 21 was the only claim of copyright infringement alleged against Fiesta in the amended complaint.

Fiesta and another defendant then moved to dismiss the amended complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  This Court denied the other defendant's motion to dismiss because that defendant "ha[d] not made any argument that the <u>particular</u> dresses or design elements that it is alleged to have infringed are unprotectable."  <u>Jovani</u>, 2011 WL 2671584, at *5 (emphasis in original).  The specific allegations of unprotectability in Fiesta's motion, by contrast, "allow[ed] the Court to assess the separability of the allegedly protected elements in the dress at issue."  <u>Id.</u>  On July 7, 2011, this Court granted the motion to dismiss the claim against Fiesta; the Court found that the elements of Jovani style # 154416, the only dress design that Fiesta had allegedly infringed, were

4

neither physically nor conceptually separable from dress as whole.  Id. at *5-*8.

Fiesta then brought the present motion for costs and attorney's fees pursuant to § 505 of the Copyright Act, 17 U.S.C. § 505, and § 32(a) of the Lanham Act, 15 U.S.C. § 1117(a).  In defending this case through the successful motion to dismiss, Fiesta incurred total attorney's fees of $35,498.75, and costs of $2,302.10.  (Choi Decl. ¶¶ 4-6 & Ex. A-I.)  Fiesta also incurred attorney's fees of $10,582.50, and additional costs of $2,101.74, in litigating the present motion for costs and attorney's fees.  (Choi Supp. Decl. ¶¶ 4-5 & Ex. A.)  Fiesta has asserted, and Jovani has not challenged, that those fees and costs are based on a reasonable hourly rate for the lawyers who worked on this case, that the number of hours worked was itself reasonable, and that the fees and costs were justified by contemporaneously recorded time records.  (Ross Decl. ¶ 10; Hogan Decl. ¶¶ 6-7.)

## II.

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

5

17 U.S.C. § 505.

Jovani does not dispute that Fiesta is a prevailing party under the terms of § 505 by virtue of its securing dismissal with prejudice. Moreover, the Supreme Court has made clear that defendants may be prevailing parties for the purposes of § 505, and should be treated the same as a prevailing plaintiff. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike . . . ."); see also id. at 527 ("[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright."); Polsby v. St. Martin's Press, Inc., 8 F. App'x. 90, 92 (2d Cir. 2001) ("A defendant who prevails in a copyright action may be awarded attorneys' fees under 17 U.S.C. § 505 as a matter of the district court's equitable discretion, consistent with the purposes of the copyright laws").

However, costs and attorney's fees for prevailing parties under § 505 "are not automatic." Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 117 (2d Cir. 2002). Rather, they are a matter for a district court's "equitable discretion." Id.; see also Fogerty, 510 U.S. at 534 ("[A]ttorney's fees are

to be awarded to prevailing parties only as a matter of the court's discretion."); 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs . . . .") (emphasis added).

The nonexclusive Fogerty factors guide a district court's analysis with regard to the question of fees under § 505. "When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant v. Media Right Productions, Inc., 603 F.3d 135, 144 (2d Cir. 2010), cert. denied, 131 S. Ct. 656 (2010) (citing Fogerty, 510 U.S. at 534 n.19). These factors, and any others weighed by a district court, must be applied in a manner "faithful to the purposes of the Copyright Act." Fogerty, 510 U.S. at 534 n.19. In this circuit, "[t]he third factor -- objective unreasonableness -- should be given substantial weight." Bryant, 603 F.3d at 144. Here, the Fogerty factors counsel against a fee-shifting award.

A.

First, and most importantly, the Court cannot conclude that Jovani's claim was objectively unreasonable. The grant of a

7

motion to dismiss does not in itself render a claim unreasonable; rather, "only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." Silberstein v. Fox Entm't Grp., Inc., 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008) (internal quotation marks omitted).  Here, Jovani's claim was supported by a valid copyright registration for Jovani style # 154416.  See Am. Compl. Ex. C; Sofer Decl. Ex. B; see also Jovani, 2011 WL 2671584, at *3.  As a legal matter, while "[i]t is well settled that dress designs are useful articles for the purposes of the Copyright Act and thus are not typically copyrightable," id. at *4 (internal quotation marks omitted), in deciding the motion to dismiss this Court noted that the degree to which the Copyright Act protects the design elements of clothing is a matter that has divided the courts and proven "difficult to apply."  Id.  Fiesta argues that, because Jovani's theory of copyrightability shifted over the course of litigating the motion, from the dress design, to two design elements, to five design elements, to the "compilation" of the elements, Jovani never had a reasonable claim in the first place.  However, given the intricacy and closeness of the "separability" analysis which was required to distinguish between the noncopyrightable useful elements of a dress, and its potentially

copyrightable design elements, Jovani's varied attempts at articulating a successful theory of copyrightability for style # 154416, without more, do not establish that Jovani's claim was "clearly without merit or otherwise patently devoid of legal or factual basis."  Silberstein, 536 F. Supp. 2d at 444.[1]

    Second, the Court cannot conclude that Jovani's claim was improperly motivated and in bad faith.  Fiesta argues that Jovani brought this lawsuit in order to dominate its smaller competitors in the prom dress market, including Fiesta.  However, Fiesta does not point to any direct or even circumstantial evidence of Jovani's alleged ulterior motive.  The bare allegation that Jovani brought its claim in bad faith or due to an improper motive is outweighed by the generally respectful conduct of the litigation thus far, and, as described above, by the fact that Jovani clearly had -- and, as against some of the other defendants, continues to have – a copyright

---

[1] Jovani offered with its opposition to Fiesta's motion to dismiss, and offers again in support of its opposition to Fiestas's motion for attorney's fees and costs, the expert report of former United States Register of Copyrights Ralph Oman.  (Sofer Decl. Ex. A.)  The Court did not rely on the Oman report, upon which the complaint did not rely, in deciding the motion to dismiss, see Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991), and the Court does not rely on that report now in concluding that Jovani's claim against Fiesta was not objectively unreasonable.

infringement claim that the Court cannot say is objectively unreasonable or frivolous.

Third, Fiesta argues that "the need in particular circumstances to advance the considerations of compensation and deterrence," Fogerty, 510 U.S. at 534 n. 19, warrant a fee award.  Fiesta notes that it is a small company without a litigation budget.  Yet this fact alone does not mean that it must be compensated for the cost of defending against a not unreasonable copyright infringement claim.  Compensation and deterrence may be required where a party is forced to prosecute willful infringement, U2 Home Entertainment, Inc. v. Hong Wei Intern. Trading, Inc., 04 Civ. 6189, 2008 WL 3906889, at *17 (S.D.N.Y. Aug. 21, 2008) (collecting cases), or defend against objectively unreasonable claims, Muller v. Twentieth Century Fox Film Corp., No. 08 Civ. 2550, 2011 WL 3678712, at *3 (S.D.N.Y. Aug. 22, 2011), or where a party engages in misconduct, see Crown Awards, Inc. v. Discount Trophy & Co., Inc., 564 F. Supp. 2d 290, 296-97 (S.D.N.Y. 2008), aff'd, 326 F. App'x. 575 (2d Cir. 2009) (summary order).  In those circumstances, there is an interest in disincentivizing behavior that either violates the Copyright Act or exploits it for objectively baseless litigation.  However, "the imposition of a fee award against a copyright holder with an objectively reasonable litigation

10

position will generally not promote the purposes of the Copyright Act." Matthew Bender & Co., Inc. v. West Publ'g. Co., 240 F.3d 116, 122 (2d Cir. 2001).

Jovani's claim, and Fiesta's motion to dismiss, presented a close case concerning the application of the separability doctrine to the prom dress at issue. See Jovani, 2011 WL 2671584, at *3 ("The question of whether the constituent design . . . elements of Jovani's style # 154416[] can be copyrightable requires much . . . analysis."). As such, neither party should be deterred from raising the respective claims and defenses raised here. See Matthew Bender, 240 F.3d at 122 ("When close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim.") (quoting Lotus Development Corp. v. Borland Intern., Inc., 140 F.3d 70, 75 (1st Cir. 1998).[2]

---

[2] Moreover, compensation appears to be particularly inappropriate here, where Fiesta exacerbated the costs of the litigation by filing the present motion. There was only modest activity in this case, and Jovani's claim against Fiesta was dismissed on a

B.

Fiesta argues that an additional factor, "the amount at stake in the litigation," weighs in its favor. Crown Awards, 564 F. Supp. 2d at 294. In Crown Awards, the court, following an opinion by Judge Posner of the Court of Appeals for the Seventh Circuit, found that "the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees." Id. at 295 (quoting Assessment Techs. of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004). The gist of this argument is that such a presumption in small-dollar, potentially negative value cases is necessary to prevent parties, and defendants in particular, from being "forced into a nuisance settlement or deterred altogether from exercising [their] rights," because pressing a meritorious defense is more costly than surrendering it. Assessment Techs., 361 F.3d at 437.

---

Rule 12(b) motion.  The total litigation costs for Fiesta's defense of the present case, up to this motion for attorney's fees and costs, was $37,800.85.  (Choi Decl. ¶ 6.)  Fiesta's subsequent litigation of this motion increased its costs by another $12,684.24, an over 30% increase in Fiesta's total costs.  (Choi Supp. Decl. ¶ 6.)  These added costs include $1,620.68 in computerized library research, $418.00 in train fare, $13.06 in overtime meals, and $50.00 in "other travel expenses."  (Choi Supp. Decl. Ex. A at 3.)

This argument is unpersuasive in this case. As an initial matter, it is not clear that the potential monetary stakes in this action were indeed "small." Moreover, this "refinement of the Fogerty standard," id., has not been endorsed by the Supreme Court, or by a precedential opinion of the Court of Appeals for this circuit. Indeed, to the extent that it sets a presumption of a fee award and applies this presumption more forcefully in the case of prevailing defendants, the rule of Assessment Technologies appears to conflict with the Supreme Court's holding in Fogerty that fee-shifting is a matter for the district court's discretion, that prevailing defendants and plaintiffs are to be evaluated "alike" and "in an evenhanded manner," and that the Copyright Act did not adopt "the British Rule for automatic recovery of attorney's fees by the prevailing party." Fogerty, 510 U.S. at 534 & n.19. In any event, even if such a presumption did exist, it has been overcome in this case, because Jovani's claim lay in a murky area of copyright law, was supported by a valid copyright registration, and was litigated in good faith.

Fiesta's motion for attorney's fees and costs under § 505 of the Copyright Act is therefore denied.

13

**III.**

Fiesta also moves for attorney's fees and costs under the Lanham Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In this circuit, courts may find such an exceptional case where there is "evidence of fraud or bad faith" on the part of the non-prevailing party. <u>Gordon and Breach Sci. Publishers S.A. v. Am. Inst. of Physics</u>, 166 F.3d 438, 439 (2d Cir. 1999) (per curiam) (internal quotation marks omitted). Bad faith requires more than simply an unpersuasive claim. <u>See, e.g.</u>, <u>Universal City Studios, Inc. v. Nintendo Co. Ltd.</u>, 615 F. Supp. 838, 864 (S.D.N.Y. 1985) ("The trademark case . . . was initiated for reasons other than a sincere belief in the merits of the underlying claims, and the investigation, or lack thereof, that preceded filing the complaint was designed to avoid discovery of the lack of substance of the complaint. These factors establish that this case was exceptional within the meaning of 15 U.S.C. § 1117 both because it was initiated in bad faith and because the suit was designed to serve ulterior business motives."), <u>aff'd</u>, 797 F.2d 70 (2d Cir. 1986).

Here, as described above, there is no evidence that Jovani brought its claim in bad faith. While Fiesta has alleged that Jovani possessed an ulterior motive for bringing suit, namely to

14

bully its commercial competition, such allegations remain unsubstantiated. Moreover, Jovani voluntarily withdrew its Lanham Act claims early in the litigation, when it filed its amended complaint, which did not contain Lanham Act claims. Assuming that § 1117(a) still applies despite the early withdrawal of the Lanham Act claims, that claim, in the context of this case, "did not add significantly to the factual or legal burdens on defendants' attorneys," and this is therefore not the type of "exceptional case" for which fees should be awarded under the Lanham Act. Hoepker v. Kruger, 200 F. Supp. 2d 340, 355 (S.D.N.Y. 2002). The Court declines to exercise its discretion to award attorney's fees and costs for Jovani's withdrawn Lanham Act claim against Fiesta.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. Fiesta's motion for costs and attorney's fees is **denied**. The Clerk is directed to close **Docket No. 90**.

SO ORDERED.

Dated:   New York, New York
         October 22, 2011

                                      /s/ John G. Koeltl
                                      John G. Koeltl
                                      United States District Judge